**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ROBYN RENEE ESSEX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **CASE NO.** 12-4046-KHV-DJW |
| | ) | |
| **KRIS W. KOBACH,** | ) | |
| **Kansas Secretary of State,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Robyn Renee Essex, for her causes of action against Defendant Kris W. Kobach, Kansas Secretary of State, states and alleges as follows:

**JURISDICTION**

1. Jurisdiction is proper in this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 2201, and 2202. A three judge panel is requested for hearing in this matter under 28 U.S.C. § 2284.

**PARTIES**

2. Plaintiff is a citizen and qualified voter of the United States of America and of the State of Kansas, residing in Olathe, Kansas, the county seat of Johnson County. Plaintiff is a registered voter and votes in Kansas' 3rd Congressional District, 23rd State Senate District, 26th State House District, and 3rd State Board of Education District.

3. Plaintiff brings this action because she is being denied Equal Protection of the Laws and Due Process of Law, as further alleged herein.

4. Defendant is the Secretary of State for the State of Kansas and is responsible under the laws of the state to oversee the conduct of elections. Defendant is sued in his official capacity.

## STATEMENT OF FACTS

5. In 2002, the Kansas Legislature passed the current contents of Chapter 4 of the Kansas Statutes, which apportioned districts for Kansas' congressional seats, both houses of the Kansas Legislature, and for the Kansas State Board of Education, pursuant to the 2000 Federal Census.

6. The 2010 Federal Census is complete, and under Article 10 of the Kansas Constitution, the Kansas Legislature is required to re-apportion districts for both state houses during the regular 2012 legislative session.

7. The Kansas Legislature is also required by Article 6 of the Kansas Constitution to provide for districts for the Kansas State Board of Education, with such districts being comprised of four contiguous Kansas Senate districts each.

8. The Kansas Legislature is also commanded by Article I, Section 2 of the United States Constitution to apportion its congressional seats every ten years, with the last apportionment having taken place in 2002, as described in paragraph 5 of this Complaint.

9. Under the April 2010 Federal Census, the ideal Kansas congressional district would contain 706,280 persons. Plaintiff currently lives in a congressional district with a population of 760,569.

10. Under the April 2010 Federal Census, the ideal population for each Kansas State Senate District is 70,986 persons. The ideal population for each Kansas State House of Representatives district is 22,176 persons. Plaintiff currently lives in a Kansas State Senate District with 91,509 persons and a Kansas State House district with 31,014 persons.

11. Under the April 2010 Federal Census, the ideal population for each Kansas State Board of Education District is 283,944 persons. Plaintiff currently lives in a Kansas State Board of Education District with 344,392 persons.

12. The Kansas Legislature is now in its regular 2012 session, and has yet to re-apportion districts for Kansas' congressional seats as commanded by Article I, Section 2 of the United State Constitution, and has yet to re-apportion seats for Kansas' State Legislature, and in turn for its State Board of Education, as required by Article 10 and Article 6, Section 3 of the Kansas Constitution.

13. Both houses of the Kansas Legislature have passed segments of re-apportionment plans, but all bills proposed by both houses have at this date failed to advance, and the two houses of the Legislature are at an impasse in their efforts to re-apportion Kansas' congressional, state legislative, and State Board of Education districts.

14. The Legislature's regular session is rapidly nearing conclusion, with the last working day of the session scheduled for May 11, and adjournment *sine die* scheduled for June 1.

15. The Kansas Legislature has before failed to enact proper redistricting maps following a Census, s*ee O'Sullivan v. Brier*, 540 F. Supp. 1200 (D. Kan. 1982), as have several other states around the country.

16. In light of these facts, on information and belief, the United States Federal Census taken as of April 2010 shows that the Kansas Congressional districts, state legislative districts, and State Board of Education Districts established in 2002 by the Kansas Legislature, are now unequally apportioned; that despite the compilation of said Census, the State of Kansas has failed and neglected, and unless otherwise ordered, will continue to fail and neglect to reapportion the congressional, state legislative, and State Board of Education Districts in the State of Kansas; and that the present apportionment of Kansas'

congressional, state legislative, and State Board of Education districts are no longer based upon any logical or reasonable formula, but are arbitrary and capricious.

**COUNT I**

**LEGISLATIVE MALAPPORTIONMENT**

17. This case arises under the Fourteenth Amendment, Section 1, to the Constitution of the United States, which provides in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The provisions thereof guarantee to the citizens of each state the right to vote in State and Federal elections and that the vote of each citizen shall be equally effective with any other vote cast in such election. A state statute that effects an apportionment which discriminates against citizens in highly populous legislative districts and prefers other voters in the least populous legislative districts violates the above-quoted constitutional provision.

18. The current Kansas legislative apportionment system, established in 2002 by the Kansas Legislature, effects a legislative apportionment which discriminates against citizens in the most highly populous legislative districts, including Plaintiff, and prefers other citizens in the least populous legislative districts in violation of the Fourteenth Amendment to the United States Constitution.

19. Plaintiff is a resident, citizen, and voter in Kansas Senate and Kansas House districts, in which the population of each district has increased since the last Federal Census at a rate greater than the state population as a whole.

20. The unequal population of the Kansas House of Representatives districts and the Kansas State Senate districts deprives Plaintiff and all other citizens of the highly populated

districts of the rights guaranteed to them by the Fourteenth Amendment to the United States Constitution, including the rights of Due Process of Laws and the Equal Protection of the Laws.

21. Upon information and belief, Plaintiff alleges that the Legislature of the State of Kansas has not and will not pass a law reapportioning itself in conformity with the United States Constitution during the 2012 Legislative Session. Plaintiff further alleges on information and belief that Defendant intends to and will, unless sooner restrained by an order of this Court, conduct the election for the 2013 Kansas State Legislature during the year 2012 on the basis of the senatorial and representative districts established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes, and that until there is a legislative reapportionment, Defendant will continue to do so in subsequent elections for members of both houses of the Kansas State Legislature.

22. Plaintiff further alleges that she intends to and will vote in the state primary and general elections to be held in 2012 and, thereafter, for candidates for Kansas State Senate and Kansas House of Representatives; and that said elections conducted in accordance with the House and Senate districts as established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes will continue to deprive plaintiff of her rights guaranteed under the Constitution of the United States.

23. In the absence of reapportionment of the legislative districts of the State of Kansas in conformance with the United States Constitution, any action of Defendant in conducting an election of the members of the Kansas Legislature in accordance with the House and Senate districts as established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes will continue to deprive Plaintiff of her constitutional rights under the Fourteenth Amendment to the Constitution of the United States.

24. By reason of the failure of the Legislature of the State of Kansas to reapportion the legislative districts of the state in conformity with the United States Constitution, thus violating the above-cited constitutional rights of Plaintiff, a justiciable controversy exists.

**COUNT II**

**CONGRESSIONAL REDISTRICTING**

25. Plaintiff realleges paragraphs 1 through 24 hereof.

26. This case arises under Article 1, Section 2 of the United States Constitution, which requires apportionment of congressional seats every 10 years.

27. This case also arises under the Fourteenth Amendment, Section 1 of the Constitution of the United States, which provides in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The provisions thereof guarantee to the citizens of each state the right to vote in State and Federal elections and that the vote of each citizen shall be equally effective with any other vote cast in such elections. A state statute which effects an apportionment, which discriminates against citizens in highly populous congressional districts and prefers other citizens in the least populous congressional districts violates the above-quoted constitutional provision.

24. Plaintiff is a citizen of the United States and of the State of Kansas, and has the rights conferred by the above provisions of the United States Constitution to have all Representatives in Congress from the State of Kansas apportioned and elected on the basis of the 2010 Federal Census.

27. The unequal representation effected by the congressional districts established in 2002 by the Kansas Legislature deprives Plaintiff of the rights guaranteed to her by Article I, Section 2 and the Fourteenth Amendment to the Constitution of the United States, including her rights of Due Process of Law and the Equal Protection of the laws.

28. Upon information and belief, Plaintiff alleges that the Legislature of the State of Kansas will adjourn without reapportioning the state's congressional districts in conformity with the United States Constitution during the 2012 legislative session. Plaintiff further alleges on the information and belief that Defendant intends to and will, unless sooner restrained by an order of this Court, conduct the next election for Representatives in Congress during the year 2012, on the basis of the current congressional districts and that until there is a congressional reapportionment, Defendant will continue to do so in subsequent elections of Representatives in Congress.

29. Plaintiff further alleges that she intends to and will vote in the state primary and general election in 2012 and, thereafter, for candidates for Representatives in Congress; and that said elections conducted in accordance with the present congressional districts will continue to deprive Plaintiff of her rights guaranteed under the above-cited provisions of the Constitution of the United States.

30. In the absence of reapportionment of the congressional districts of the State of Kansas in conformity with the United States Constitution, any action by Defendant in conducting an election for Representatives in Congress in accordance with the present districts has deprived and will continue to deprive Plaintiff of her constitutional rights in that she is and will be arbitrarily deprived of Due Process of Law, and is and will be arbitrarily deprived of the Equal Protection of the Laws in violation of the Fourteenth Amendment to the Constitution of the United States.

31. By reason of the failure of the Legislature of the State of Kansas to reapportion the congressional districts of the state in conformity with the United States Constitution, thus violating the constitutional rights of Plaintiff, a justiciable controversy exists.

**COUNT III**

**STATE SCHOOL BOARD MALAPPORTIONMENT**

32. Plaintiff realleges paragraphs 1 through 31 hereof.

33. This case arises under the Fourteenth Amendment, Section 1, to the Constitution of the United States which provides in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The provisions thereof guarantee to the citizens of each state the right to vote in State and Federal elections and that the vote of each citizen shall be equally effective with any other vote cast in such election. A state statute that effects an apportionment which discriminates against citizens in highly populous legislative districts and prefers other voters in the least populous legislative districts violates the above quoted constitutional provision.

34. The current Kansas State Board of Education apportionment system, established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes, effects an apportionment for State Board of Education members which discriminates against citizens in the most highly populous legislative districts, including Plaintiff, and prefers other citizens in the least populous legislative districts in violation of the Fourteenth Amendment to the United States Constitution.

35. Plaintiff is a citizen of the United States and of the State of Kansas and has the rights conferred by the above provisions of the United States Constitution to have the membership of the Kansas State Board of Education apportioned and elected on the basis of the 2010 Federal Census via assignment of four contiguous Kansas Senate districts, as described in Count I of this Complaint.

36. Plaintiff is a resident, citizen, and voter in a Kansas State Board of Education district in which the population has increased since the last Federal Census at a rate greater than the state population as a whole.

37. The unequal population of the Kansas State Board of Education district deprives Plaintiff of the rights guaranteed her by the Fourteenth Amendment to the United States Constitution, including the rights of Due Process of Laws and the Equal Protection of the Laws.

38. Upon information and belief, Plaintiff alleges that the Legislature of the State of Kansas has not and will not pass a law reapportioning the State Board of Education in conformity with the United States Constitution and the Constitution of the State of Kansas during the 2012 Legislative Session. Plaintiff further alleges on information and belief that Defendant intends to and will, unless sooner restrained by an order of this Court, conduct the election for the State Board of Education during the year 2012 on the basis of the senatorial and board of education districts established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes, and that until there is a legislative and board of education reapportionment, Defendant will continue to do so in subsequent elections for members of the Kansas State Board of Education.

39. Plaintiff further alleges that she intends to and will vote in the state primary and general elections to be held in 2012 and thereafter for candidates for the Kansas State Board of Education; and that said elections conducted in accordance with the Senate districts and Board of Education districts as established in 2002 by the Kansas Legislature will continue to deprive Plaintiff of her rights guaranteed under the Constitution of the United States.

40. In the absence of reapportionment of the Senate and Board of Education districts of the State of Kansas in conformance with the United States Constitution, any action of Defendant in conducting an election of the members of the Kansas State Board of Education in accordance with the Senate and board of education districts as established in 2002 by the Kansas Legislature will continue to deprive Plaintiff of her constitutional rights in that she is and will be arbitrarily deprived of her rights under the Fourteenth Amendment to the Constitution of the United States. By reason of the failure of the Legislature of the State of Kansas to reapportion the Senate and Board of Education districts of the state in conformity with the Kansas Constitution, thus violating the above-cited constitutional rights of Plaintiff, a justiciable controversy exists.

WHEREFORE, Plaintiff respectfully prays that:

1. Pursuant to the provisions of 28 U.S.C. § 2284(a), the Court convene a three-judge panel to adjudicate this matter.

2. Pursuant to 28 U.S.C. § 2201, this Court declare:

   a. That the present legislative apportionment of the State of Kansas as established in

2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes has deprived and continues to deprive Plaintiff of rights under the Fourteenth Amendment to the Constitution of the United States; and

b. That the present plan of congressional apportionment as established in 2002 by the Kansas Legislature Chapter 4 of the Kansas Statutes deprives Plaintiff of her rights under Article 1, Section 2, and the Fourteenth Amendment to the Constitution of the United States.

c. That the present Senate and Kansas State Board of Education apportionment of the State of Kansas as established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes has deprived and continues to deprive Plaintiff of her rights under the Fourteenth Amendment to the Constitution of the United States.

3. The Court issue a permanent injunction and judgment decreeing that the plan of the legislative apportionment established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes may not hereafter be used as a valid plan of legislative apportionment.

4. The Court permanently restrain Defendant from receiving nominations and petitions for legislative office, from issuing certificates of nominations and elections, and from all further acts necessary to the holding of elections for members of the Kansas Legislature in the districts established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes until such time as the State Legislature passes and the Governor approves legislation reapportioning the state legislative districts in accordance with the United States Constitution.

5. The Court issue a permanent injunction and judgment decreeing that the plan of congressional apportionment established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes may not hereafter be used by Defendant as a valid plan and scheme of congressional apportionment.

6. The Court permanently restrain Defendant from receiving nominations and petitions for congressional office, from issuing certificates of nomination and elections, and from all further acts necessary to the holding of elections for members of Congress in the districts established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes until such time as the State Legislature passes and the Governor approves legislation reapportioning the four Kansas Congressional districts in accordance with the United States Constitution.

7. The Court issue a permanent injunction and judgment decreeing that the State Board of Education district apportionments established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes may not hereafter be used as a valid plan of apportionment for State Board of Education districts.

8. The Court permanently restrain Defendant from receiving nominations and petitions for membership on the State Board of Education, from issuing certificates of nominations and elections, and from all further acts necessary to the holding of elections for members of the Kansas State Board of Education in the districts established in 2002 by the Kansas Legislature in Chapter 4 of the Kansas Statutes until such time as the Kansas Legislature

passes and the Governor approves legislation reapportioning the State Board of Education districts in accordance with the United States Constitution.

9. That this Court notify the Governor and Legislature of the State of Kansas that it will retain jurisdiction of this action and, upon the failure to adopt constitutionally valid plans of congressional redistricting, legislative reapportionment, and State Board of Education reapportionment prior to the end of the current legislative session, the Court will issue an Order requesting that the parties hereto submit proposed plans of congressional redistricting, legislative reapportionment, and Sate Board of Education reapportionment for the Court's consideration.

IN THE ALTERNATIVE, Plaintiff prays that this Court will Order Defendant to:

(a) accept nominations and petitions for legislative office and issue certificates of nomination and election, and to carry out all acts necessary for the holding of elections for members of the Kansas Senate in the districts set forth in attached Exhibit A, and for members of the Kansas House of Representatives in the districts set forth in attached Exhibit B.

(b) accept nominations and petitions for Congressional office and issue certificates of nomination and election, and to carry out all acts necessary for the holding of elections for members of the Kansas Legislature in the districts set forth in attached Exhibit C.

(c) accept nominations and petitions for membership on the Kansas Board of Education and issue certificates of nomination and election, and to carry out all acts necessary for the holding of elections for members of the Kansas

Board of Education in the districts set forth in attached Exhibit D.

10. The Court order Defendant to pay to Plaintiff, pursuant to 42 U.S.C. § 1988, her reasonable attorney's fees and expenses, expert fees, costs, and other expenses incurred in prosecuting this action.

11. For such other and future relief as is just in the circumstances.

Respectfully submitted,

HADEN & BYRNE LLC

/s/ Brent E. Haden
BRENT E. HADEN, KS Bar No. 21066
717 Cherry St. Suite B
P.O. Box 30095
Columbia, MO 65205
(573) 442-3535
(888) 632-7775 (fax)
brent@showmelaw.com

AND

JEB BOATMAN, OK Bar No. 20160
(pro hac application to be submitted)
MICHAEL K. AVERY, OK Bar No. 22476
(pro hac application to be submitted)
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
(405) 235-9621
(405) 235-0439 (Fax)
jeb.boatman@mcafeetaft.com
michael.avery@mcafeetaft.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May, 2012, copies of the foregoing complaint were given by Certified Mail on the following parties per the requirements of 28 U.S.C. § 2284:

Kansas Governor Sam Brownback
300 SW 10th Street
2nd Floor Statehouse
Topeka, KS 66612

Kansas Attorney General Derrick Schmidt
120 SW 10th Ave., 2nd Floor
Topeka, KS 66612

/s/ Brent E. Haden

Brent E. Haden, KS Bar # 21066