**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ROBYN RENEE ESSEX,**<br><br>**Plaintiff,**<br>**and**<br><br>**KANSAS SENATOR THOMAS C. OWENS, JOHN E. HENDERSON, BERNIE SHANER, and RON WIMMER,**<br><br>**Intervenor-Plaintiffs,**<br><br>**v.**<br><br>**KRIS W. KOBACH, Kansas Secretary of State,**<br><br>**Defendant.** | ) | **CIVIL ACTION**<br><br>**CASE NO. 12-4046-KHV-JWL-** |

## <u>COMPLAINT IN INTERVENTION</u>

Plaintiffs in Intervention, Kansas State Senator Thomas Owens, John E Henderson, Bernie Shaner, and Ron Wimmer, for their Complaint in Intervention, state and allege as follows:

## <u>PARTIES</u>

1. Plaintiffs in Intervention are citizens and qualified voters of the United States of America and the State of Kansas residing in various congressional, state legislative, and state board of education districts in the State of Kansas, as follows:

   a. Kansas State Senator Thomas C. Owens is a member of the Kansas State Senate representing Senate District 8. He is the Chair of the Senate Judiciary Committee. Additionally, he is the Chair of the Senate Reapportionment Committee, which is the Senate Committee responsible for the 2012 Kansas

reapportionment. He resides at 7804 W. 100th Street, Overland Park, Kansas 66212. He is a resident of Johnson County, Kansas, and is in the 3rd Congressional District, the 8th State Senatorial District, the 19th State Representative District, and the 2nd State Board of Education District.

b. John E. Henderson resides at 3406 North 154th Street, Basehor, Kansas 66007. He is a resident of Leavenworth County, Kansas, and is in the 2nd Congressional District, the 3rd State Senatorial District, the 39th State Representative District, and the 1st State Board of Education District.

c. Bernie Shaner resides at 12314 King Street, Overland Park, Kansas 666213. He is a resident of Johnson County, Kansas, and is in the 3rd Congressional District, the 37th State Senatorial District, the 29th State Representative District, and the 3rd State School Board District.

d. Ron Wimmer resides at 26458 West 109th Terrace, Olathe, Kansas 66061. He is a resident of Johnson County, Kansas, and is in the 3rd Congressional District, the 9th State Senatorial District, the 38th State Representative District, and the 3rd State Board of Education District.

2. Plaintiffs in Intervention are residents of different state legislative districts than the existing Plaintiff Essex. They intend to vote in the 2012 state primary and general elections and also plan to vote for candidates for the United States House of Representatives, the Kansas Legislature, and the Kansas State Board of Education. Elections conducted in accordance with the existing congressional, state legislative, and state board of education districts will deprive them of rights protected under federal and state law.

3. Plaintiff, Robyn Renee Essex, has brought this action individually as a citizen and voter of the United States of America who resides in the State of Kansas. She contends that the present legislative apportionment of the State of Kansas as established in 2002 by the Kansas Legislature and as ordered by the Kansas Supreme Court in *In re Substitute for Senate Bill 256*, No. 88,821 (May 9, 2002) and *In re Substitute for House Bill 2625*, No. 88,735 (Apr. 26,2002), based on the year 2000 census, is unconstitutional under the United States and Kansas Constitutions. She requests, *inter alia,* that the United States District Court for the District of Kansas consider evidence and determine and order valid plans for congressional, state legislative, and state board of education districts in the event the Kansas Legislature fails to enact a reapportionment law, and the Governor fails to sign it, establishing such districts in accordance with constitutional requirements during the 2012 legislative session.

4. Plaintiffs in Intervention claim an interest relating to the reapportionment of the congressional, state legislative, and state board of education districts that are the subject of this action, and are so situated that this action's disposition may as a practical matter impair or impede their ability to protect that interest. Existing Plaintiff Essex does not adequately represent their interest. For instance, Plaintiffs in Intervention disagree with the reapportionment plan that Plaintiff Essex requests in her prayer for alternative relief, and they intend to request that the court, if necessary, order a reapportionment plan different from that proposed by Plaintiff Essex. Plaintiffs in Intervention have sought intervention early in this action, before the court's deadline for joinder and intervention of parties, and are thus timely.

5. Defendant Kris W. Kobach (R) is the duly elected, qualified and acting Secretary of State for the State of Kansas. Under the laws of the State of Kansas, he is charged in his official capacity with the duty of keeping records of state elections, giving notice of state

elections, preparing ballots and instructions for voters, receiving the filings of candidates for state elective offices, distributing copies of the election laws of the State of Kansas, receiving election returns, furnishing blank election ballots and forms to the several county auditors, furnishing certificates of election to successful legislative candidates in multi-county districts and to successful candidates for election to the United States Congress, conducting recounts, and various other election duties. He is sued in his official capacity.

6. Defendant Kris W. Kobach is legally, constitutionally, and otherwise responsible for administering elections in the State of Kansas based upon the State's apportionment of its congressional, state legislative, and state board of education districts.

## JURISDICTION

7. This action arises under Article 1, Section 2 and the Fourteenth Amendment to the United States Constitution and 42 U.S.C. secs. 1983 and 1988.

8. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367, as well as 28 U.S.C. secs. 1983 and 1988, to redress the claims of Plaintiffs in Intervention of violations of the United States and Kansas Constitutions. Additionally, this court has authority to grant declaratory relief under 28 U.S.C. §2201.

9. Venue in this district is appropriate under 28 U.S.C. sec. 1391.

## FACTUAL ALLEGATIONS

10. Under federal and state law, the Kansas Legislature is responsible for apportionment and reapportionment of congressional, state legislative, and state board of education districts.

11. Under the Kansas Constitution, Article 10, Section 1, the Kansas Senate and the Kansas House of Representatives are required to act as co-equal participants in reapportioning

the state senatorial and representative districts. After the Kansas Legislature enacts a reapportionment plan, the Kansas State Constitution mandates that the Kansas Attorney General petition the Kansas Supreme Court to determine the validity of the plan. Once the Kansas Supreme Court finally determines that the plan is valid, the Kansas Constitution then requires the Kansas Legislature to enact a statute of reapportionment conforming to the Supreme Court's judgment within 15 days.

12. The Kansas Constitution, Article 6, Section 3, subsection a, also provides for a Kansas State Board of Education, and requires the Legislature to make provision for ten member districts, each comprising four contiguous senatorial districts.

13. With respect to state senatorial and representative reapportionment, the Kansas Constitution requires that the Kansas Legislature shall by law apportion districts on the basis of the population of the State as established by the most recent census of population taken and published by the United States Bureau of the Census. Article 10, Section 1, Subsection (a) of the Kansas Constitution requires that the census data be adjusted, in various ways, to account for resident and non-resident military personnel and resident and non-resident students. It then requires that the Legislature reapportion the districts based upon that state-adjusted population figure.

14. The Kansas Constitution requires that legislative reapportionment of state senatorial and representative districts occur at the Kansas Legislature's regular session every tenth year after 1992.

15. In the 2002 regular legislative session, the Kansas Legislature reapportioned the congressional, state legislative, and state board of education districts. As required by law, it used the 2000 Census and the 2000 state-adjusted population figures.

16. Under the Kansas Constitution, the Kansas Legislature must reapportion state districts at its regular session in 2012.

17. In order to accomplish its duty to reapportion congressional and state districts, the Kansas State Senate and House of Representatives, respectively, appoint members to committees tasked with preparing reapportionment legislation. In 2012, the Senate Committee on Reapportionment and the House Committee on Redistricting are the two responsible committees. The Chair of the Senate Committee is Senator Thomas C. Owens (R), who is one of the Plaintiffs in Intervention, and the ranking minority member is Senator Anthony Hensley (D), who also is the Minority Leader of the Kansas Senate. The Chair of the House Committee is Representative Mike O'Neal (R), who also is Speaker of the House, and the ranking minority member is Senator Paul Davis (D).

18. According to Census 2010, the State of Kansas's population is 2,853,118. Adjusted in accordance with Article 10, Section 1 of the Kansas Constitution, the State's population is 2,839,445.

19. The official 2010 Census data, as adjusted where appropriate, show that population shifts during the last decade have resulted in substantial inequality resulting from "overpopulation" and "underpopulation" in certain districts established by the 2002 reapportionment.

20. The United States and Kansas Constitutions require that congressional and state districts be equal in population, which also requires that they be redrawn following the census. In order to satisfy this requirement, districts must be redrawn to approximate, within a legally and constitutionally allowable margin of error, a district of ideal size.

21. There are four congressional districts in Kansas. Using the 2012 Census data, the ideal congressional district size is 713,280.

22. There are 40 Kansas senatorial districts and 125 Kansas representative districts. Using the state adjusted population figures, as required by the Kansas constitution, the ideal senatorial district size is 70,986 and the ideal representative district size is 22,716.

23. There are 10 Kansas State Board of Education districts. Using the state adjusted population figures, the ideal population of a Board of Education District is 283,944.

24. Based on the 2010 Census, there are now legally and constitutionally significant population disparities in the congressional districts that require these districts to be redrawn

25. Based on the 2010 Census, as adjusted in accordance with Article 10, Section 1, of the Kansas Constitution, there are now legally and constitutionally significant population disparities in the Kansas legislative districts that require these districts to be redrawn.

26. Based on the 2010 Census, as adjusted, there are now legally and constitutionally significant population disparities in the state school board of education districts that require these districts to be redrawn.

27. As of the date Plaintiffs in Intervention moved to intervene, the Kansas Legislature has not yet satisfied its obligation to reapportion the congressional, state legislative, and state board of education districts. However, the Kansas Legislature still remains in 2012 regular session, as extended by law.

28. Article 2, Section 10 of the Kansas Constitution provides that the Legislature shall meet in regular session annually commencing on the second Monday in January. It also provides that the duration of regular sessions in even-numbered years shall not exceed ninety calendar

days. It provides further that such regular sessions may be extended beyond ninety calendar days by an affirmative vote of two-thirds of the members elected to each house.

29. On March 30, 2012, in House Concurrent Resolution 5034, the Kansas Legislature, by two-thirds of the members of each of the Senate and the House of Representatives, extended the 2012 regular session beyond 90 calendar days. More specifically, the Concurrent Resolution provided, in part, "[t]hat the Legislature may adjourn and reconvene at any time during the period on and after April 25, 2012, to June 1, 2012…."

30. Thus, the Kansas Legislature still has time to enact a reapportionment plan, as required by the United States and Kansas Constitutions. And, as of the date Plaintiffs in Intervention moved to intervene in this action, upon information and belief, the Kansas Legislature still was working to enact such a plan, consistent with the United States and Kansas Constitutions.

## COUNT I
## VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

31. Plaintiffs in Intervention incorporate by reference each and every allegation set forth above as if more fully set forth herein.

32. The Fourteenth Amendment guarantees to the citizens of the United States in each state the right to vote in federal and state elections. It also guarantees that the vote of each citizen shall be as equally effective as any other vote cast in such elections. It further guarantees that state legislative representation shall be equally apportioned throughout a state in districts of approximately equal population.

33. The 2010 Census and the 2010 adjusted population data demonstrate that the congressional, state legislative, and state board of education districts, as established by the

Kansas Legislature and approved by the Kansas Supreme Court in 2002, are now unequally apportioned in violation of law.

34. These malapportioned districts lack sufficient population equality and, therefore, violate the "one person, one vote" rule of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

35. Each Plaintiff in Intervention resides in one or more districts that have become malapportioned due to the population shift identified by the 20120 Census data, as adjusted where appropriate under the Kansas Constitution, and all Plaintiffs in Intervention reside in a state senatorial districts that have become malapportioned due to the shift.

36. Plaintiffs in Intervention reside and vote in the following malapportioned congressional districts:

a. John E. Henderson resides in the 2nd congressional district. The 2010 Census shows a population for the 2nd congressional district of 767,569. The district deviates from the ideal population size in that it has 54,289 additional persons, which translates to a district that is 107.5% of the ideal size.

b. Senator Thomas C. Owens, Bernie Shaner, and Ron Wimmer reside in the 3rd congressional district. The 2010 Census shows a population for the 3rd congressional district of 710,047 persons. The district deviates from the ideal population size in that it has 3,233 additional persons, which translates to a district that is 99.5% of the ideal size.

37. Plaintiffs in Intervention reside and vote in the following malapportioned state senatorial districts:

a. John Henderson resides in the 3rd senatorial district. The 2010 Census shows a population for the 3rd district of 81,860. The 2010 adjusted population is 81,630. The district deviates from the ideal population size in that it has an additional 10,644 persons, which translates to a district that is 115% of the ideal size.

b. Senator Thomas C. Owens resides in the 8th senatorial district. The 2010 Census shows a population for the 8th district of 63,197. The 2010 adjusted population is 63,768. The district deviates from the ideal population size in that it has 7,218 fewer persons, which translates to a district that is 89.8% of the ideal size.

c. Bernie Shaner resides in the 37th senatorial district. The 2010 Census shows a population for the 37th district of 91,466. The 2010 adjusted population is 92,875. The district deviates from the ideal population size in that it has an additional 21,889 persons, which translates to a district that is 130.8% of the ideal size.

d. Ron Wimmer resides in the 9th senatorial district. The 2010 Census shows a population for the 9th senatorial district of 88,376. The 2010 adjusted population is 89,239. The district deviates from the ideal population size in that it has an additional 18,253 persons, which translates to a district that is 125.7% of the ideal size.

38. Plaintiffs in Intervention reside and vote in the following malapportioned state representative districts:

a. John Henderson resides in the 39th representative district. The 2010 Census shows a population for the 39th district of 34,351. The 2010 adjusted population is 34,663. The district deviates from the ideal population size in that it has an additional 11,947 persons, which translates to a district that is 152.6% of the ideal size.

b. Senator Thomas C. Owens resides in the 19th representative district. The 2010 Census shows a population for the 19th district of 20,371. The 2010 adjusted population is 20,566. The district deviates from the ideal population size in that it has 2,150 fewer persons, which translates to a district that is 90.5% of the ideal size.

c. Bernie Shaner resides in the 29th representative district. The 2010 Census shows a population for the 29th district of 20,245. The 2010 adjusted population is 20,491. The district deviates from the ideal population size in that it has 2,225 fewer persons, which translates to a district that is 90.2% of the ideal size.

d. Ron Wimmer resides in the 38th representative district. The 2010 Census shows a population for the 38th representative district of 40,325. The 2010 adjusted population is 40,677. The district deviates from the ideal population size in that it has an additional 17,961 persons, which translates to a district that is 179.1% of the ideal size.

39. Plaintiffs in Intervention reside and vote in the following malapportioned state board of education districts:

a. John Henderson resides in the 1st board of education district. The 2010 adjusted population is 286,548. The district deviates from the ideal population size in that it has an additional 2,604 persons, which translates to a district that is 0.9% larger than the ideal size.

b. Senator Thomas C. Owens resides in the 2nd board of education district. The 2010 adjusted population is 278,928. The district deviates from the ideal population size in that it has 5,016 fewer persons, which translates to a district that is 1.8% smaller than the ideal size.

c. Bernie Shaner and Ron Wimmer both reside in the 3rd board of education district. The 2010 adjusted population is 344,392. The district deviates from the ideal population size in that it has 60,448 additional persons, which translates to a district that is 21.3% larger than the ideal size.

40. Plaintiffs in Intervention intend to and will vote in the state primary and general elections to be held in 2012 and thereafter for candidates for the United States House of Representatives. If those elections are conducted on the basis of the districts set forth in the 2002 reapportionment, Plaintiffs in Intervention will be further deprived of rights guaranteed by the United States and Kansas Constitutions.

41. Unless the State of Kansas reapportions each of these districts to take into account the results of the 2010 Census, or the state adjustment to the 2010 Census, where applicable, the State, through authority conferred upon Defendant Kobach, will hold elections according to the districts established in 2002, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as provisions of the Kansas Constitution.

42. Plaintiffs in Intervention seek relief against Defendant, in his official capacity, in the event the State of Kansas fails act to cure the existing malapportionment. The relief they seek relates to Defendant's authority, jurisdiction, and/or obligation to carry out all matters related to the subsequent elections based upon that apportionment.

43. In the absence of any reapportionment of the congressional, state legislative, and state board of education districts of the State of Kansas in conformity with the United States and Kansas Constitutions, any action of Defendant in conducting an election for members of the United States House of Representatives, the Kansas Legislature, or the Kansas State Board of Education in accordance with the districts established in 2002 will deprive and will continue to deprive Plaintiffs in Intervention of their rights under the Fourteenth Amendment to the United States Constitution;

44. Plaintiffs in Intervention are entitled to an equal and timely apportionment among the congressional, state legislative, and state board of education districts pursuant to Article 10, Section 1 of the Kansas Constitution, and consistent with the requirements of the Fourteenth Amendment to the United States Constitution.

45. In the event that the State of Kansas fails to cure the malapportioned districts, this court should take control of the reapportionment process and oversee the redrawing of districts pursuant to federal and state constitutional criteria.

## COUNT II
## VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

46. Plaintiffs in Intervention incorporate by reference each and every allegation set forth above as if more fully set forth herein.

47. As reflected by the 2010 Census, and as reflected by the state adjustment to the 2010 Census required by Article 10, Section 1 of the Kansas Constitution, Plaintiffs in Intervention now reside in overpopulated congressional, state legislative, and state school board districts. The districts established by the Kansas Legislature and approved by the Kansas Supreme Court in 2002 no longer satisfy constitutional requirements.

48. Because the State of Kansas has failed to act in a timely fashion to reapportion its congressional, state legislative, and state board of education districts, Plaintiffs in Intervention reside in districts that are malapportioned.

49. In the event that the State of Kansas fails to act to timely adjust the congressional, state legislative, and school board districts, the votes and voting power of Plaintiffs in Intervention will be diluted.

50. The diminishment of the votes and voting power of Plaintiffs in Intervention constitutes an unlawful deprivation of their rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

51. To remedy these Due Process violations, in the event that the State of Kansas fails to cure them, this court should take control of the reapportionment process and oversee the redrawing of districts pursuant to federal and state constitutional criteria.

## COUNT III
## VIOLATION OF ARTICLE 1, SECTION 2
## OF THE UNITED STATES CONSTITUTION

52. Plaintiffs in Intervention incorporate by reference each and every allegation set forth above as if more fully set forth herein.

53. Article 1, Section 2 of the United States Constitution requires that congressional districts within a state have equal numbers of people. According to the 2010 Census, the existing congressional districts are no longer equal in population.

54. The rights of Plaintiffs in Intervention to representation in and to vote for a member of the United States House of Representatives is at risk due to the State of Kansas's failure to develop a timely and lawful reapportionment plan.

55. The votes of Plaintiffs in Intervention are weighted unequally under the existing congressional districts in violation of the "one person, one vote" principle of the United states Constitution.

56. In the event the State of Kansas fails to remedy these violations in a timely manner, the court should take control of the reapportionment process and oversee the re-drawing of congressional districts, applying a fair and legal criteria.

**COUNT IV**
**VIOLATION OF THE KANSAS CONSTITUTION**

57. Plaintiffs in Intervention incorporate by reference each and every allegation set forth above as if more fully set forth herein.

58. In the event the State of Kansas fails to remedy these violations in a timely manner, the court should take control of the reapportionment process and oversee the re-drawing of congressional districts, applying a fair and legal criteria.

**COUNT V**
**DECLARATORY JUDGMENT**

59. Plaintiffs in Intervention incorporate by reference each and every allegation set forth above as if more fully set forth herein.

60. The State of Kansas, by its continued inaction on reapportionment, has deprived and continue to deprive Plaintiffs in Intervention of their constitutional rights by denying the equal protection and due process of law in violation of the Fourteenth Amendment of the United States Constitution, as well as provisions of the Kansas Constitution.

61. In the event the State of Kansas fails to timely and equally reapportion the State of Kansas's congressional, state legislative, and state board of education districts, before the end of the 2012 regular session, Plaintiffs in Intervention are entitled to a declaratory judgment by this court determining that their constitutional rights have been violated so that they may obtain such further relief as may be necessary to vindicate their rights.

WHEREFORE, Plaintiffs in Intervention pray for the following relief:

1. That this Court enter an order or judgment declaring:

   a. That the State of Kansas's present apportionment of congressional, state legislative, and state board of education districts, established by the Kansas Legislature and approved by the Kansas Supreme Court in 2002, violates the rights of Plaintiffs in Intervention mandated by the United States and Kansas Constitutions;

   b. That inaction in the reapportionment process has violated the federal and state constitutional rights of Plaintiffs in Intervention;

   c. That the present apportionment of congressional, state legislative, and state board of education districts of the State of Kansas violates the rights of Plaintiffs in Intervention to Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

   d. That the present congressional apportionment of the State of Kansas violates the rights of Plaintiffs in Intervention under Article 1, Section 2 of the United States Constitution; and

   e. That the present state legislative and board of education apportionment violates the rights of Plaintiffs in

Intervention under Article 10, Section 1 of the Kansas Constitution.

2. In the event that these constitutional violations are not remedied in a timely manner by the enactment of a new reapportionment plan, the court should take control of the reapportionment process and oversee the re-drawing of the congressional, state legislative, and state board of education districts, applying fair and legal criteria.

3. That this Court retain jurisdiction of this action to render any and all further orders that it may from time to time deem appropriate.

4. That this Court notify the Governor and Legislature of the State of Kansas that it will retain jurisdiction of this action and, upon the failure of the State of Kansas to adopt constitutionally valid plans of reapportionment for congressional, state legislative, and state board of education districts, determine and order a proper plan for reapportionment of each of these districts.

5. Any further relief which may, in the discretion of the Court, be necessary and proper to ensure that timely and lawful procedures are used in the congressional, state legislative, and state board of education elections in the State of Kansas.

6. That the Plaintiffs in Intervention be awarded their attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988; and

7. For such other and further relief as is just and equitable.

Dated: May 19, 2012

Respectfully submitted,

s/ John C. Frieden_____________
John C. Frieden #06592
Kevin M. Fowler #11227
Clinton E. Patty #18912
Eric I. Unrein, #16042
FRIEDEN, UNREIN & FORBES, LLP
555 S. Kansas Avenue, Suite 303
P O Box 639
Topeka, Kansas 66601
785-354-1100 Phone
785-354-1113 Fax
jfrieden@fuflaw.com
kfowler@fuflaw.com
cpatty@fuflaw.com
eunrein@fuflaw.com

**ATTORNEYS FOR INTERVENORS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2012, I electronically filed the foregoing Complaint in Intervention with the Clerk of the Court using the CM/ECF system, which will automatically send a notice of electronic filing to all interested parties of record.

s/ John C. Frieden_____________
John C. Frieden #06592