**IN THE UNITED STATES DISTRICT**
**COURT FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ROBYN RENEE ESSEX,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 12-4046** |
| **KRIS W. KOBACH,** **Secretary of State** | ) | |
| **Defendant.** | ) | |

**MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Proposed Intervenor L. Franklin Taylor ("Taylor"), by and through his attorneys, and moves this Court, pursuant to Federal Rule of Civil Procedure 24, for an Order allowing him to intervene as a Plaintiff in this matter as a registered voter in Johnson County, Kansas. In support of this Motion, Taylor state as follows:

1. This action asks this Court to re-align voting districts for the Kansas congressional seats in the United State House of Representatives, the Kansas Senate, the Kansas House of Representatives, and the Kansas State Board of Education. ECF. No. 1.

3. Proposed Intervenor L. Franklin Taylor, a resident of Johnson County residing at 26391 West Cedar Niles Circle, Olathe, Kansas 66061, is a registered voter and votes in Kansas' 3rd Congressional District, the 9th State Senate District, 38th State House District, and 3rd State Board of Education District. Proposed Intervenor Taylor is an active member of the business and civic community in the Olathe, Kansas area, served as the president and CEO of the Olathe Chamber of Commerce from August 1999 to March 2011, and has voted and plans to vote in the upcoming election(s).

4. Proposed Intervenor Taylor asserts that the apportioned districts for congressional seats and state offices are unconstitutional as currently constituted.

5. Proposed Intervenor Taylor's interests cannot be adequately protected or represented by Plaintiff or any other Intervenor or proposed Intervenor to this action.

6. Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as of right if: "(1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005). Taylor meets these requirements and is prepared to comply with the Court's expedited briefing schedule, so his intervention will not delay the litigation or prejudice the existing parties to the action. Taylor's proposed Intervenor's Complaint is attached hereto as Exhibit A.

7. Taylor has an interest relating to the property or transaction which is the subject of this litigation. *See San Juan Cnty. v. U.S.*, 503 F.3d 1163, 1194–95 (10th Cir. 2007) (en banc). As an active, registered voter and engaged member of the Johnson County and City of Olathe community, Taylor has a substantial interest in any reapportionment plan because such plan will affect the adequacy of Johnson County's and the City of Olathe's representation in each governing body affected by the plan — but most particularly in the U.S. Congress. In particular, Taylor has an interest in a reapportionment plan that accounts for growth within the Olathe community without fragmented representation. Taylor has a direct interest in protecting his right to participate meaningfully in elections and having his interests fairly represented by his elected officials. In short, Taylor will be substantially affected by whatever the outcome of this litigation.

8. Taylor's interest may be impaired or impeded if he is not allowed to intervene and this is sufficient to permit intervention. *See Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001). Taylor's interests in a plan that accounts for growth within the Olathe community without fragmented representation will be impaired unless his allowed to intervene.

9. Finally, Taylor can sufficiently demonstrate that his interests will not be adequately represented by the existing parties to the litigation. *See Coalition of Ariz./N.M. Cntys. for Stable Econ. Growth v. U.S. Dep't of Interior*, 100 F.3d 837, 844–45 (10th Cir. 1996). Here, the fair representation of Johnson County voters, including Taylor, would be jeopardized by several of the existing proposals for reapportionment — including the proposal submitted by Plaintiff in her Complaint. Additionally, there is no basis to assume that the Secretary of State will seek to safeguard Johnson County's, and Taylor's, interests in particular. As such, Taylor should be entitled to intervene to protect his interests and those of similarly situated citizens, voters, businesses and interests of Johnson County.

10. Even if this Court does not allow Taylor to intervene under Rule 24(a)(2), the Court should nevertheless grant permissive intervention under Federal Rule of Civil Procedure 24(b). Under this rule, a party may intervene if he or she (1) files a timely application and (2) "has a claim or defense that shares with the main action a common question of law or fact." *Id.* at 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at 24(b)(3).

11. These factors weigh in favor of allowing Taylor to intervene permissively. As explained above, Taylor timely filed his Motion, his claim involves the same redistricting plan

that is central to this litigation, and his intervention will not delay the expedited schedule in this case.

12. Therefore, pursuant to Federal Rule of Civil Procedure 24, Proposed Intervenor L. Franklin Taylor requests the Court allow him to intervene to adequately protect his interests in this matter.

WHEREFORE Proposed Intervenor L. Franklin Taylor respectfully requests that the Court allow him permission to intervene as a Plaintiff in this matter and grant him all other and further relief to which he is entitled under state and federal law.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

*Bryant T. Lamer*

Michael F. Delaney #22510
Bryant T. Lamer #22722
Lindsay Todd Perkins #23528
9401 Indian Creek Parkway
Building 40, Suite 700
Overland Park, KS 66210
(913) 345-8100
(913) 345-0736 (Facsimile)
mdelaney@spencerfane.com
blamer@spencerfane.com
ltoddperkins@spencerfane.com
ATTORNEYS FOR PROPOSED
INTERVENOR TAYLOR

**CERTIFICATE OF SERVICE**

This will certify that the foregoing pleading was filed this 21st day of May, 2012, via the Court's CM/ECF filing system which will in turn serve all counsel of record.

*Bryant T. Lamer*
Attorney for Proposed Intervenor Taylor