IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBYN RENEE ESSEX, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-4046-KHV-JWL |
| KRIS W. KOBACH, ) | |
| Kansas Secretary of State, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**Before KATHRYN H. VRATIL, Chief District Judge, MARY BECK BRISCOE, Chief Judge of the Tenth Circuit, and JOHN W. LUNGSTRUM, District Judge**

**MEMORANDUM AND ORDER**

**Per Curiam.**

Before adjourning for its current term, the Kansas legislature failed to reach agreement on boundaries for new congressional, state senate, state representative and Kansas board of education districts required by demographic shifts reflected in the 2010 decennial census. Plaintiff brings suit alleging that the current districts for each of these entities, as drawn by the Kansas legislature in 2002, are now unequally apportioned. She asserts that the Kansas legislature's failure to agree upon and enact proper redistricting maps violates her Fourteenth Amendment right to have her vote be equally effective with any other vote cast in state and federal elections. Complaint (Doc. #1) filed on May 3, 2012, requests that a three-judge panel of this Court order declaratory and injunctive relief. In his answer (Doc. #8) filed on May 16, 2012, defendant echos plaintiff's request for a three-judge panel and further seeks an order to include a valid plan of congressional apportionment, state legislative apportionment and state Board of Education apportionment. The Court, in a May 18, 2012 order entered by the Honorable Mary Beck Briscoe, Chief Judge of the Tenth Circuit Court of Appeals, designated a three-judge panel to sit in this case. (Doc. #13).

This matter is before the Court on several motions to intervene: (1) Benjamin D. Craig And Larry Winn III's Motion For Leave To Intervene As Defendants/Counterclaimants (Doc. #16) filed May 18, 2012; (2) Motion To Intervene Pursuant To Rule 24(a) (Doc. #20) filed by Frank Beer on May 18, 2012; (3) Motion To Intervene (Doc. #23) filed by William Roy, Jr. and Paul Davis on May 18, 2012; (4) Motion To Intervene Pursuant To Fed. R. Civ. P. 24 (Doc. #26) filed by Thomas C. Owens, John E. Henderson, Bernie Shaner and Ron Wimmer on May 19, 2012; (5) Motion To Intervene (Doc. #37) filed by Walter T. Berry and Lynn Nichols on May 21, 2012; (6) Motion For Intervention Of Kevin Yoder (Doc. #41) filed May 21, 2012; and (7) Motion For Intervention Of Marearl Denning (Doc. #44) filed May 21, 2012. Defendant filed a Memorandum In Opposition To The Intervention Of General Voter Intervenors (Doc. #36) on May 21, 2012, in which he states his opposition to the motions filed by Benjamin D. Craig and Larry Winn III (Doc. #16), Frank Beer (Doc. #20), and Thomas C. Owens, John E. Henderson, Bernie Shaner and Ron Wimmer (Doc. #26).

At a May 21, 2012 hearing, the Court considered the motions to intervene and announced that all pending motions would be sustained. This order follows the Court's oral ruling.

## **Legal Standards**

Under Federal Rule of Civil Procedure 24(a)(2), upon timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). Under this provision, a party may intervene as of right if (1) its application is timely; (2) it claims an interest relating to the property or transaction which is the subject of the action; (3) its interest may as a practical matter be impaired or impeded; and (4) its interest is not adequately represented by existing parties. See Elliot Indus. Ltd. P'ship v. BP Am. Prod. Co., 407 F.3d 1091, 1103 (10th Cir. 2005).

2

Under Federal Rule of Civil Procedure 24(b)(1), the Court may permit a party to intervene when the applicant's claim shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is within the sound discretion of the Court. Arney v. Finney, 967 F.2d 418, 421 (10th Cir. 1992). In deciding the motion, the Court considers (1) whether the application is timely; (2) whether the movant's claim and the underlying action share a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice adjudication of rights of the original parties. See Fed. R. Civ. P. 24(b); Kane County, Utah v. United States, 597 F.3d 1129, 1135 (10th Cir. 2010).

## Analysis

Every movant asserts entitlement to intervene on both of the grounds contained in Rule 24, that is, both as of right and permissively. Although most if not all of the movants may be able to satisfy the requirements of Rule 24(a)(2), the Court has considered each request under Rule 24(b)(1). The proposed intervenors filed their motions by May 21, 2012, which is the deadline set by this Court's order. (Doc. # 10). The Court inquired of counsel for each proposed intervenor whether the individuals could comply with the current filing deadlines, and counsel unanimously indicated that they could do so. The motions clearly demonstrate that the proposed intervenors share the stated desire of plaintiff and defendant that this Court draw constitutionally valid and otherwise appropriate congressional, state legislative and state Board of Education districts. The Court concludes that hearing the intervenors' views will assist the Court in reaching its decision, and thus the motions to intervene will be sustained.

**IT IS THEREFORE ORDERED** that the following motions: (1) Benjamin D. Craig And Larry Winn III's Motion For Leave To Intervene As Defendants/Counterclaimants (Doc. #16) filed May 18, 2012; (2) Motion To Intervene Pursuant To Rule 24(a) (Doc. #20) filed by Frank Beer on May 18, 2012; (3) Motion To Intervene (Doc. #23) filed by William Roy, Jr. and Paul Davis on May

3

18, 2012; (4) Motion To Intervene Pursuant To Fed. R. Civ. P. 24 (Doc. #26) filed by Thomas C. Owens, John E. Henderson, Bernie Shaner and Ron Wimmer on May 19, 2012; (5) Motion To Intervene (Doc. #37) filed by Walter T. Berry and Lynn Nichols on May 21, 2012; (6) Motion For Intervention Of Kevin Yoder (Doc. #41) filed May 21, 2012; and (7) Motion For Intervention Of Marearl Denning (Doc. #44) filed May 21, 2012 be and hereby are **SUSTAINED**.[1]

**IT IS FURTHER ORDERED** that the intervenors listed above, as intervening plaintiffs, shall file their complaints no later than **May 22, 2012;**

**IT IS FURTHER ORDERED** that the parties make their Rule 26 disclosures and amended disclosures no later than **May 23, 2012;**

**IT IS FURTHER ORDERED** that defendant file his answer to each complaint no later than **May 23, 2012;**

**IT IS FURTHER ORDERED** that the parties conduct a planning meeting no later than **May 24, 2012;**

**IT IS FURTHER ORDERED** that the parties file proposed stipulations no later than **May 25, 2012;**

**IT IS FURTHER ORDERED** that the parties shall submit all briefs and memoranda proposing reapportionment plans no later than **8:00 a.m. on May 29, 2012;** and

**IT IS FURTHER ORDERED** that a hearing on the proposed reapportionment plans is

---

[1] The following motions, which were filed after the hearing but within the deadline set by the Court, are likewise **SUSTAINED** as unopposed and for the reasons stated above: (1) Motion To Intervene (Doc. #56) filed by Jeff King, Steve Abrams and Ray Merrick on May 21, 2012; (2) Motion To Intervene And Memorandum In Support Thereof (Doc. #59) filed by L. Franklin Taylor on May 21, 2012; (3) Motion of Michael R. O'Neal For Leave To Intervene Pursuant To Rule 24(a) (Doc. #60) filed May 21, 2012; (4) John W. Bradford's Motion To Intervene (Doc. #62) filed May 21, 2012; (5) Motion To Intervene (Doc. #65) filed by Martha E. Crow on May 21, 2012; (6) Motion To Intervene Pursuant To Fed. R. Civ. P. 24 (Doc. #68) filed by Greg A. Smith, Brenda Landwehr and Gary Mason on May 21, 2012; (7) Motion To Intervene And Suggestions In Support (Doc. #72) filed by Mary Pilcher-Cook, Gregg Philip Snell and Carri Person on May 21, 2012.

set for **9:00 a.m. on May 29, 2012,** in Courtroom #643, Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas before Chief Judge Kathryn H. Vratil, Chief Judge Mary Beck Briscoe and District Judge John W. Lungstrum, and may be continued into the morning of **May 30, 2012.**

**The parties are advised to reserve June 4, 5 and 6, 2012 for additional hearing if necessary.**

**SO ORDERED.**

Dated this 25th day of May, 2012 at Kansas City, Kansas.

<span style="padding-left:40%">s/ Kathryn H. Vratil<br>FOR THE COURT</span>